UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CRIMINAL ACTION NO. 07-CR-10202-RGS-2

CARLOS MORALES

v.

UNITED STATES

MEMORANDUM AND ORDER ON PETITIONER'S
MOTION TO VACATE, SET ASIDE OR CORRECT SENTENCE

September 10, 2010

STEARNS, D.J.

On July 23, 2010, Carlos Morales, acting *pro se*, brought this petition to vacate, set aside or correct his sentence pursuant to 28 U.S.C. § 2255.  The petition asserts ineffective assistance of counsel based on his attorney's failure to object to the government's request for a sentence enhancement pursuant to 21 U.S.C. § 851.  For the following reasons, the petition will be denied.

BACKGROUND

Morales was charged in two counts of a four-count indictment handed up by a federal grand jury on June 14, 2007.  Count 1 of the indictment charged Morales with conspiracy to distribute more than 50 grams of cocaine base.  Count 3 charged knowing and intentional possession of cocaine base with intent to distribute and the distribution of over 5 grams of cocaine base.  The government also filed a section 851 information notifying Morales of its intent to seek a doubling of the mandatory minimum sentence based on Morales's two prior drug convictions.  The government's information listed a 2000 conviction for distributing a Class D substance (marijuana) and a 2007 conviction for

possession of marijuana.

On June 23, 2008, Morales entered into a plea agreement with the government. Morales agreed to plead guilty to Count 3 of the indictment, and the government agreed to dismiss Count 1. The plea agreement was conditioned in part on Morales's partial waiver of his right to challenge his conviction on direct or collateral appeal. Morales also agreed that he would not appeal a sentence of 120 months (or less).[1] At the July 28, 2009 sentencing hearing, the government recommended 120 months, the enhanced mandatory minimum sentence under 21 U.S.C. § 841(a)(1) on Count 3. See 21 U.S.C. § 841(b)(1)(B). In presenting the recommendation, the government pointed out that Morales met the guidelines threshold as a career offender based on the 2000 conviction for drug distribution and a prior conviction for assault and battery with a dangerous weapon. According to the government, if treated as a career offender, Morales would be subject to an advisory guidelines sentence of 262-367 months. The government, however, adhered to its agreement and made a 120-month recommendation, which the court adopted. On July 29, 2010, notwithstanding his agreement, Morales brought this motion challenging the sentence. The government seeks enforcement of the agreement.

## DISCUSSION

Post-conviction relief is available under section 2255 only where a petitioner's sentence "(1) was imposed in violation of the Constitution, or (2) was imposed by a court that lacked jurisdiction, or (3) exceeded the statutory maximum, or (4) was otherwise

---

[1]The parties were well aware of the mandatory 120-month sentence; the "or less" provision appears to be boilerplate.

subject to collateral attack." <u>David v. United States</u>, 134 F.3d 470, 474 (1st Cir. 1998).

"The catchall fourth category includes only assignments of error that reveal 'fundamental

defects' which, if uncorrected, will 'result in a complete miscarriage of justice,' or

irregularities that are 'inconsistent with the rudimentary demands of fair procedure.'" <u>Id.</u>,

quoting <u>Hill v. United States</u>, 368 U.S. 424, 428 (1962).  <u>See</u> <u>also</u> <u>Moreno-Morales v.</u>

<u>United States</u>, 334 F.3d 140, 148 (1st Cir. 2003).  "Post-conviction relief on collateral

review is an extraordinary remedy, available only on a sufficient showing of fundamental

unfairness." <u>Singleton v. United States</u>, 26 F.3d 233, 236 (1st Cir. 1994).  The petitioner

bears the burden of demonstrating his entitlement to relief.  <u>Mack v. United States</u>, 635

F.2d 20, 26-27 (1st Cir. 1980).

Morales's sole asserted ground for relief is a claim of ineffective assistance of

counsel.  The Sixth Amendment provides that: "[i]n all criminal prosecutions, the accused

shall enjoy the right to . . . have the assistance of counsel for his defence." The right to the

assistance of counsel includes the right that such counsel be effective.  <u>See</u> <u>Strickland v.</u>

<u>Washington</u>, 466 U.S. 668, 686 (1984).  To succeed on his claim, Morales must meet two

tests by a preponderance of the evidence.   "First, [he] must show that counsel's

performance was deficient. This requires showing that counsel made errors so serious that

counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth

Amendment. Second, [he] must show that the deficient performance prejudiced the

defense. This requires showing that counsel's errors were so serious as to deprive the

defendant of a fair trial, a trial whose result is reliable." <u>Id.</u> at 687.

Under the first prong of the <u>Strickland</u> test, "[j]udicial scrutiny of counsel's

performance must be highly deferential," and "every effort [should] be made to eliminate the distorting effects of hindsight." Id. at 689. The court "must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance; that is, the defendant must overcome the presumption that, under the circumstances, the challenged action 'might be considered sound trial strategy.'" Id., quoting Michel v. Louisiana, 350 U.S. 91, 101 (1955).

Under the second prong of the Strickland test, a defendant must affirmatively prove "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." Strickland, 466 U.S. at 694. "Addressing the prejudice prong prior to evaluating counsel's conduct is a permissible approach and even endorsed where more efficient." Gonzalez-Soberal v. United States, 244 F.3d 277-278 (1st Cir. 2001), citing Strickland, 466 U.S. at 697.

Morales takes issue with the inclusion of his 2007 conviction for possession of marijuana, a Class D substance, in the section 851 information, and blames its inclusion on his attorney's failure to object. However, as the government points out, the marijuana possession conviction was irrelevant to the calculation of Morales's enhanced sentence because the 2000 distribution conviction (which Morales does not challenge) was sufficient in and of itself to trigger the 10-year sentence. Thus, regardless of whether the 2007 conviction was a qualifying conviction under 841(b)(1)(B), Morales would have faced the mandatory 120-month minimum sentence. In other words, he fails by definition to satisfy the prejudice prong of Strickland.

4

The government, however, moves for dismissal of Morales's ineffective assistance of counsel claim because of his breach of a material term of his plea agreement. Morales's limited waiver of the right of appeal was given in exchange for the government's agreement not to seek a sentence in excess of 120 months, and more significantly, not to seek a substantially greater sentence under the career offender guidelines.  A waiver of the right of appeal is presumptively valid so long as: (1) the plea agreement contains a clear statement elucidating the waiver and delineating its scope; (2) the district court inquires specifically into the issue of a waiver of appellate rights and ensures that a defendant understands  the full significance of waiving his rights; and (3) no miscarriage of justice results.  United States v. Teeter, 257 F.3d 14, 24-26 (1st Cir. 2001).[2]

Applying the three factors in Morales's case, the waiver and its scope was clearly set out in the plea agreement.  In Clause 6b., the agreement states: "The defendant waives any right he has to challenge his conviction on direct appeal or in collateral challenge."  Plea Agreement of June 23, 2008.  Clause 6c. further states: "Defendant agrees that he will not file a direct appeal nor collaterally challenge any imprisonment sentence of 120 months or less."  Id.

This court made specific findings that "the pleas [of Morales and his co-defendant] [were] offered voluntarily, with full knowledge of their consequences, and after careful consideration by each defendant of his own best interest."  Tr. of June 23, 2008, at 32. During the plea colloquy, the court emphasized to Morales that "[t]he one very important

---

[2]The government raises this issue in its brief and for completeness the court will discuss it, although Morales does not contend that the waiver was unknowing or involuntary, nor does he challenge the conduct of the plea hearing in general.

constraint is the ten-year mandatory minimum sentence.  Any sentence that is imposed,

obviously, above the sentence, the waiver of the appeal [right] is not affected; that is, you

are keeping the right to appeal any sentence that is over the mandatory minimum in the

case." Id. at 26.[3]    The court confirmed that Morales understood the terms of the

agreement and the consequences of the plea after a lengthy exchange, at the end of which

the court asked Morales: "Have you had sufficient time to discuss with your attorney the

charge in the case, your rights, your possible defenses and the consequences of pleading

guilty?" Id. at 31.  Morales answered, "Yes, your Honor." Id.  He then expressed

satisfaction with his representation when the court asked him directly:  "Do you feel he

[Attorney Belezos] has acted at all times in your best interest?" Id.  Morales answered,

"Yes, I do." Id.

Finally, enforcement of the waiver would not result in a miscarriage of justice.

---

[3]Morales and his co-defendant Dion Cline, pled guilty in a joint hearing in which the court addressed the defendants collectively and individually.  The court explained at some length in the general colloquy the consequences of the waiver of appeal (which figured in both plea agreements).

> THE COURT: These waivers of appellate rights were considered somewhat controversial when they first began to appear in plea agreements.  But over the years as appeals courts have looked at them, there is now a uniform consensus that they are enforceable so long as they show some indication of being truly part of a contractual agreement between the defendant and the government; that is, as long as there is some true concession being given to the defendant in exchange for this waiver, the waiver itself can be enforced.
> Here, among the concessions the government says it has made is it has agreed to recommend a sentence at the low end of the Sentencing Guidelines, as well as to dismiss Count One of the indictment.

Tr. of June 23, 2008, at 13.

Although the First Circuit has not foreclosed the possibility that an egregious case of inadequate performance by counsel could work a miscarriage of justice, that was not the case here.  See Sotirion v. United States, 2010 WL 3025511, at *10 (1st Cir. Aug. 4, 2010).  Morales, as a consequence of his counsel's advocacy, received the minimum possible sentence of 120 months, less than half the 262-month minimum sentence recommended by the sentencing guidelines.

ORDER

Because Morales has failed to show any prejudice under Strickland, his motion to vacate, set aside or correct sentence is DENIED.  The Clerk will now close the case.

SO ORDERED.

/s/ Richard G. Stearns

_____

UNITED STATES DISTRICT JUDGE